United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50216
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD JUNIOR HYSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-68-4
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit
Judges.

PER CURIAM:[*]

Richard Junior Hyson appeals his guilty-plea conviction for
multiple counts of conspiracy and aiding and abetting possession
with the intent to distribute cocaine base within 1,000 feet of a
school or park.  18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1) & (b)(1),
846, 860.  Hyson argues that the magistrate judge who conducted
his plea hearing failed to advise him of the nature of the
charges in violation of Rule 11(b)(1)(G).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Hyson failed to object to the magistrate judge's Rule 11 admonishments, this issue is reviewed for plain error. See United States v. Dominquez Benitez, 124 S. Ct. 2333 (2004). Hyson must demonstrate that but for the Rule 11 error, he would not have entered a guilty plea. Id. at 2340.

The record reflects that Hyson signed a factual basis related to the drug charges against him. At the rearraignment hearing, the magistrate judge informed Hyson that he had the right to have the indictment read aloud, if he understood the charges and had discussed them with his attorney. Hyson agreed to waive the reading of the indictment. The magistrate judge asked whether Hyson had any questions about the indictment and Hyson responded that he did not. After the factual basis was read aloud, Hyson stated that the facts alleged were true.

The magistrate judge determined in his written findings of fact and recommendation that Hyson was aware of the nature of the charges against him, and Hyson did not object. Further, the charges were detailed in the Presentence Report (PSR), and Hyson did not object to that recitation. Hyson does not argue that, but for the magistrate judge's Rule 11(b)(1)(G) error, he would not have entered his guilty plea. See Dominquez Benitez, 124 S. Ct. at 2340. Accordingly, Hyson has not established plain error. The judgment of the district court is AFFIRMED.